# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILFRADO DELACRUZ,

        Petitioner,        Case Number: 5:08-CV-12488

v.        HON. JOHN CORBETT O'MEARA

WARDEN C. EICHENLAUB,

        Respondent.
                                    /

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner Wilfrado Delacruz is a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that officials in Massachusetts have violated his right to a speedy trial by failing to act upon or withdraw warrants issued against him in 2003.

Petitioner is in federal custody pursuant to a 2004 conviction for a drug-related crime imposed by the United States District Court for the District of New Jersey. He is serving an 80 month sentence. Petitioner does not charge that conviction or sentence in the pending petition. Instead, Petitioner challenges actions related to warrants issued by a trial court in Massachusetts in 2003.

### I.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court

determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds upon which this Court may grant habeas relief; therefore, the petition will be dismissed.

**B.**

According to Petitioner, in 2003, a trial court in Massachusetts, Salem District Court, issued five criminal complaints against him. On August 13, 2004, the Federal Bureau of Prisons notified the Essex County District that Petitioner was in federal custody and inquired whether the State of Massachusetts wished to place a detainer against Petitioner. The Essex County District Attorney indicated that he had "no intent to prosecute. However, the warrants will remain." *See* 9/16/04 letter from John T. Dawley, attached as exhibit F to petition.

In his petition, Petitioner argues that the State of Massachusetts' failure to prosecute and its refusal to discharge the warrants violates his right to a speedy trial. He asks this Court to direct the State of Massachusetts to dismiss the outstanding warrants on that basis.

"'The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ.'" *Prieto v. Gluch*, 913 F.2d 1159, 1162-63 (6th Cir. 1990) *quoting Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir.1988). In this case, the warrants at issue are not the basis for Petitioner's federal custody. They also do not impact his current federal custody. Therefore, "a writ of habeas corpus under § 2241 regarding unrelated state charges having no effect regarding the duration of [Petitioner's] current incarceration" may

2

not issue. *Godson v. DeRosa*, 2006 WL 1096950, * 3 (D. N.J. Apr. 24, 2006).

Accordingly, the Court will dismiss the petition. This dismissal is without prejudice to Petitioner's right to seek relief in a federal district court in Massachusetts.

**II.**

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.


                                                          s/John Corbett O'Meara
                                                          United States District Judge

Date: June 23, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 23, 2008, by electronic and/or ordinary mail.

                                                          s/William Barkholz
                                                          Case Manager